Per Curiam.

The sole question for determination is whether the Tax Commissioner reasonably and lawfully applied rates of depreciation in determining the .true value of certain amusement devices known as pin ball machines owned and operated by the taxpayer for the years in question, and whether the Board of Tax Appeals erred in affirming the order of the Tax Commissioner.
The Tax Commissioner assessed additional taxes upon the pin ball machines, in the sum of $2,352.90 for the year 1947, in the sum of $5,291.97 for the year 1948, and in the sum of $7,107.97 for the year 1949.
The taxpayer claims that in making such additional assessments the Tax Commissioner failed to observe proper depreciation of the value of the property due to a natural and rapid reduction of value due to a loss of player appeal in the use and operation of such machines.
The taxpayer in its tax return adopted as a basis of *90 the true value in money the cost of the machines reduced to a salvage value of $10 for each machine at the end of one year after its purchase. In some instances the depreciation was spread over a period of only eight months and in some instances over a period of two years, but the average useful life of the property was arbitrarily fixed at approximately one year. ,
The evidence submitted by the taxpayer in support of its appeal was very scant and inconclusive. The main item of evidence produced by the taxpayer was a showing of the difference between the Tax Commissioner’s valuation of the pin ball machines and the sale price of these machines one year after their purchase.
The taxpayer’s auditor testified that the useful life of these machines was arbitrarily fixed by the taxpayer at short periods without reference to the physical condition of the property, after which periods the machines were sold or reconditioned. No factual evidence was given as to the earning power of the machines or as to the rate of decline in such earnings. In the course of the hearing before the Board of Tax Appeals, the auditor testified on cross-examination as follows:
“Q. What percentage do you get, and what percentage does the proprietor get? A. It is usually on a fifty-fifty basis.
“Q. On a typical five-ball machine in an average spot, what would be your income from it; we will say, in a month? A. I wouldn’t know, because it varies so.
“Q. Don’t you have an idea about the average? A. No, I wouldn’t have any idea, because the average is—
“Q. Do you have an idea of a high and a low? A. Grosh, I wouldn’t know; the low places are awfully low, and the high places are fairly high.
“Q. What do you mean by ‘fairly high’? A. I *91 wouldn’t know what the average would be, honestly, I wouldn’t.
“Q. You have some approximate idea, don’t you? A. If I had a record here, I could answer that. I do not have that with me, but we do have established records; I don’t know.
“Q. You mean that you haven’t even an approximate idea of what would be a very high or a very low? A. Not on a five-ball or one-ball game, I wouldn’t know.
( C * # #
“Q. But, you have no idea of what would be a high or a low and an approximate figure? A. Not at the present moment, I would not have. I could get that information for you, but I wouldn’t know, because it varies so.
“Q. I am asking you, within what scale does it vary? What would be a very high income from a machine? A. I wouldn’t know, definitely.
“Q. How often do the collectors make the collections : Is it once a week, once a day, once a month, or what? A. It depends on the place; it may be one a week, or once every two weeks.
“Q. What do they do with that portion of the recepits which come back to you? A. They turn it into our regular channel of auditors, and it is checked in.
“Q. That is under your control and supervision? A. That is right.
“Q. Would you say that on an ordinary five-ball machine, your average five-ball machine, that in a week, your portion of the gross, that $500 would be excessive? A. I wouldn’t know, honest, I don’t. I would like to answer that, but I don’t know. I have records that could tell me, but I have not got the records with me. We have so many different types of machines called five-ball machines; we wouldn’t know.
*92 ‘‘Q. You can select your own machine; pick any one of them you want to. A. I wouldn’t know; I definitely would not know. Whatever I would tell you may be wrong. Being an accountant, I am strict about what I would tell you.”
Although the date of the purchase and the date of the sale of each machine were given in evidence, the taxpayer in its tax return failed to take into consideration the age of each machine on the tax date. This was an important item for consideration when applied to property having a rapid rate of depreciation.
Taking the entire record into consideration, this court is unable to find that the decision of the Board of Tax Appeals is unreasonable or unlawful. The decision is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias and Hart, JJ., concur.
Stewart, Middleton and Taft, JJ., dissent.